UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-172-HRW

PAULINE L. KING,                                                              PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on August 30, 2010, initially alleging disability beginning on August 21, 2006, subsequently amended the date of onset to August 30, 2010. She alleges disability due to lumbago, lumbar spondylosis, lumbar degenerative joint disease, lumbar radiculitis, lumbar arthropathy, migraines and depression (Tr. 175).

This application was denied initially and on reconsideration (Tr. 65 and 97). An administrative hearing was conducted by Administrative Law Judge Gregory Varo (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Laura Whitten, a

vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 19, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-23).

Plaintiff was 44 years old at the time of the hearing decision. She has a GED. Her past relevant work experience consists of work as a parts assemble factory worker, video rental clerk, waitress / hostess, cashier and factory laborer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease

2

of the lumbar spine with back and left lower extremity pain, borderline intellectual functioning, depressive disorder, and anxiety disorder with post-traumatic stress disorder symptoms, rule out personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17). In doing so, the ALJ specifically considered listings 1.00, 12.02, 12.04, 12.05, 12.06 and 12.08 (Tr. 17-18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform light work, with certain restrictions as set forth in the Hearing Decision (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by

substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). "The court may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Secretary of Health and Human Services, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997).

B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly consider the opinion of Jennifer Wilke-Deaton, M.A., (2) the ALJ failed to find that Plaintiff suffers from PTSD and this is a severe impairment, separate and apart from anxiety, and (3) the hypothetical posed to VE was flawed.

C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly consider the opinion of Jennifer Wilke-Deaton, M.A.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," Ealy v. Comm'r of Soc. Sec.,

4

594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." Id. at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); see also Norris v. Comm'r of Soc. Sec., 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "State agency medical or p[s]ychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." Id. "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," id. § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." Id. § 404.1527(c)(5).

Plaintiff argues that the ALJ should have afforded greater weight to the opinion of Jennifer L. Wilkes-Deaton, M.A., who conducted a psychological evaluation of Plaintiff on

February 15, 2012. Ms. Wilkes-Deaton opined that Plaintiff had marked mental impairments and, in effect, concluded that Plaintiff would be unable to engage in substantial work activity. The ALJ discounted this opinion of dire limitation, finding that it was based in significant part of Plaintiff's subjective complaints and that it is inconsistent with other evidence in the record. The Court does not disagree. In her report, Ms. Wilke-Deaton appears to give excessive weight to Plaintiff's subjective statements regarding her limitations. This distracts, significantly, from the validity of Dr. Wilke-Deaton's opinion.

Moreover, another consultative examiner, David Atcher, M.D. did not find such dire limitation in Plaintiff's ability. Rather, he found that despite suffering from borderline intellectual functioning and anxiety disorder, her thoughts are logical and goal directed and her cognitive functioning is normal. He noted that she would likely have difficulty handling stressors in the workplace, which the ALJ obviously took into regard in crafting the RFC.

In addition, the record establishes that Plaintiff does simple household chores, watches TV, goes out alone, drives alone and reads on the computer. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." Walters v. Commissioner of Social Security, 127 F.3d 525, 532 (6th Cir. 1997).

This Court is mindful that it's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. See generally, Jones v. Commissioner of Social Security, 336 F.3d 469 (6th Cir. 2003).

In this case, the ALJ's decision to afford greater weight to the opinion of Dr. Atcher over that of Ms. Wilke-Deaton is supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ failed to find that Plaintiff suffers from PTSD and this is a severe impairment, separate and apart from anxiety.

It is the burden of the claimant to prove the severity of his impairments. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988), citing, Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a de minimus hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". See Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. Id. at 863. The pertinent inquiry is whether an impairment is disabling, not merely whether an impairment exists.

Plaintiff relies heavily of the Ms. Wilke-Deaton's diagnosis of PTSD. However, a diagnosis is not enough. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). There is no evidence in the record that the PTSD resulted in limitation beyond those accounted for in the RFC.

Finally, Plaintiff contends that the hypothetical posed to VE was flawed, and therefore cannot be deemed substantial evidence upon which to base a ruling against her. A review of the record establishes that the hypothetical question posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional

7

limitations. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge